UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAO YAN TAO, | No. 2:16-cv-02712-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| ESQUIEL ALCAZAR, et al., | |
| Defendants. | |

The only issue in this case is unlawful detainer, with an amount in controversy of less than $3,000.  *See* ECF No. 1 at 7.  Defendants Esquiel Alcazar and Maria Alcazar have filed motions to proceed in forma pauperis.  ECF Nos. 2, 3.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A federal district court may remand a case *sua sponte* where a defendant has not established federal jurisdiction.  *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).  "If at any time

1

1 | before final judgment it appears that the district court lacks subject matter jurisdiction, the case
2 | shall be remanded." 28 U.S.C. § 1447(c).
3 |       Here, the court finds the case should be remanded to the San Joaquin County
4 | Superior Court.  Because the amount in controversy is less than $75,000, and the only issue turns
5 | on state law, removal is improper because this court does not have subject matter jurisdiction
6 | under 28 U.S.C. §§ 1331 and 1441.
7 |       This case is remanded to San Joaquin County Superior Court.  Defendants' IFP
8 | motions are DENIED as MOOT.
9 |       This resolves ECF Nos. 1, 2, and 3.
10 |       IT IS SO ORDERED.
11 | DATED: November 30, 2016

_____
UNITED STATES DISTRICT JUDGE